## ACME–KEYSTONE MFG. CO. v. DEARBORN et al.

(Circuit Court, S. D. New York. February 16, 1909.)

1. PATENTS (§ 298*)—INFRINGEMENT—SEWING MACHINE.

Infringement of the Dearborn patent, No. 639,669, for a sewing machine, *held* not so clearly shown as to warrant the granting of a preliminary injunction provided defendant files a bond.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 479; Dec. Dig. § 298.*]

2. PATENTS (§ 328*)—INFRINGEMENT—SEWING MACHINE.

The Dearborn patents, Nos. 679,553 and 705,326, each for a sewing machine, *held* infringed on motion for a preliminary injunction.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

In Equity. On motion for preliminary injunction.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Hillary C. Messimer, for complainant.
Knight Bros., for defendants.

NOYES, Circuit Judge. This is an application for a preliminary injunction in a suit to restrain the infringement of letters patent Nos. 639,669, 679,553, and 705,326, granted to the defendant Dearborn, and assigned by him to the complainant. As said defendant is estopped to deny the validity of his own patents, the only question to be considered upon this application is one of infringement.

At the outset it must be observed that there are two structures manufactured by the defendants presented in evidence. One structure, designated as "Complainant's Exhibit Defendants' Machine," was made by and purchased from the defendants. They claim, however, that its manufacture was an accident, and that it differs from their regular machine. The structure designated as "Defendants' Exhibit Defendants' Machine" is the one which the defendants admit that they manufacture and sell.

### (1) Complainant's Exhibit Defendants' Machine.

It is claimed, in the first place, that this machine infringes claim 1 of patent No. 639,669 which reads as follows:

"In a sewing-machine, the combination, with a feeding mechanism, of a needle arranged to reciprocate horizontally, or approximately so, and transversely to the line of feed, mechanism for operating said needle, a looper-rod provided with a looper located above the work-support and presser-foot, and co-operating with said needle and the acting portion of which looper is eccentric to the longitudinal axis of said looper-rod, and mechanism for operating said looper-rod to cause the same to have a forward longitudinal movement to carry the looper forward above the work at one side of the line of stitches to take a loop from the needle above the work, then an axial or rocking movement to carry the looper across the line of stitches to the other side thereof, and then a longitudinal receding or rearward movement above the work to enable the looper to present the loop to the needle, and then a second axial or rocking movement to carry the looper again across the line of stitches to its first position, from which it may again move to take another loop, substantially as set forth."

It is admitted that the machine in question embraces all the elements of this claim, provided its looper has the specified movement. As stated in the complainant's brief, the question is, "Has the defendants' looper a rocking movement?" Upon this question the witnesses differ. The complainant's expert says that the looper of the defendants' machine does have such a movement and that it is the equivalent of the movement of the looper in the complainant's own structure. On the other hand, the defendants' expert points out that the loopers of the two machines are in different form, and says that they also differ in the method of manipulating the thread and controlling the loop, as well as in the actual movement and the mechanical means for imparting it. While my impression is that the defendants' looper does have the rocking movement required by the claim, the question, in view of the conflicting testimony, is too doubtful to be determined as the basis for granting a preliminary injunction.

It is contended, in the second place, that the machine in question infringes claim 2 of patent No. 679,553, which reads as follows:

"In a sewing-machine, the combination of suitable stitch-forming mechanism, with a stationary presser-foot, a yieldingly-mounted feed-frame, a ridge-forming rib adjustably mounted in said feed-frame and adapted to engage the work beneath the presser-foot, and a feed device yieldingly mounted upon said feed-frame and independent of the ridge-forming rib, substantially as set forth."

It is obvious that the machine embraces all the elements of this claim provided it has the element "a ridge-forming rib adjustably mounted in said feed-frame." It is contended by the defendants that the ridge-forming rib found in the machine in question is not adjustably mounted. It seems to me obvious, however, that it is adjustably mounted. Infringement of this claim is clear, and should be restrained.

It is claimed in the third place that the machine infringes claim 3 of patent No. 705,326, which reads as follows:

"In a blind-stitch sewing-machine, the combination of a suitable stitch-forming mechanism, and a stationary presser-foot, with a ridge-forming rib constructed and arranged to engage the foot beneath the presser-foot, and an upper feed device constructed and arranged to engage the upper exposed face of the work adjacent to said ridge-forming rib, substantially as set forth."

Reading the claim upon the machine in question, it is clear that it possesses every element, including the stationary presser-foot. Infringement is obvious, and should be restrained.

### (2) Defendants' Exhibit Defendants' Machine.

The looper of this machine is in the same form and has the same movement as the looper of the first machine. Therefore, while the same contention is made regarding it, it can only be said that infringement is not so obvious as to call for a preliminary injunction. It is obvious, also, that no infringement of patent No. 679,553 is shown in this machine. It does not possess the "ridge-forming rib adjustably mounted."

But the complainant strenuously urges that this machine, like the other, infringes claim 3 of patent No. 705,326. To do so it must possess a stationary presser-foot or its equivalent. In fact, however, its presser-foot is yielding, and not stationary, and defendants' expert asserts that advantages attend this yielding action—that the cloth is stretched and smoothed over the rib, and that clearance is given for the feed action. On the other hand, the complainant's expert says that the yielding movement of the presser-foot is wholly without function. Here, as in respect of the movement of the looper, I am inclined to the opinion that the defendants are merely attempting to get away from the precise forms of the patents, while retaining their advantages. But I am not so certain that this will be the view of the court at final hearing that I feel warranted in closing the business of the defendants pending suit, provided they will file a bond. Possibly, had the complainant acted with more speed, I should feel differently.

A preliminary injunction may issue, restraining the defendants from manufacturing or selling any machine in the form of "Complainant's Exhibit Defendants' Machine." A similar injunction may be issued with respect to the other machine, unless within two weeks from the filing of this opinion the defendants file a bond of sufficient amount and with sufficient surety to pay all damages or profits which the complainant may recover upon a final decree. In case the parties cannot agree as to the amount or sufficiency of the bond, the matter may be presented upon affidavits, and will be determined by the court.